IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-00115-F

STEPHEN EARL,                          )
            Plaintiff,                 )
                                       )
    v.                                 )        **ORDER**
                                       )
UNITED STATES OF AMERICA,              )
            Defendant.                 )

This matter is before the court on the Government's Motion for Summary Judgment [DE-36][1] and Motion for Non-Jury Trial [DE-56]. For the reasons stated below, the Motion for Summary Judgment is ALLOWED and the Motion for Non-Jury Trial is DISMISSED as moot.

## I.    RELEVANT FACTUAL AND PROCEDURAL HISTORY

Plaintiff Stephen Earl brings negligence claims under the Federal Tort Claims Act against the U.S. Veterans Administration Medical Centers of Durham and Asheville ("Durham VAMC" and "Asheville VAMC," respectively) arising from treatment he received to correct severe glaucoma. Mr. Earl alleges refusal of follow-up care, lack of proper care, inducement of lack of post-surgical care, and violation of patients' rights to services.

Before summarizing the relevant facts, the court finds it necessary to admonish Plaintiff's counsel for violation of local rules regarding summary judgment filings and in particular, Local Civil Rule 56.1(a). This rule requires the movant to submit a Statement of Material Facts enumerating the issues on which it contends there is no genuine dispute. Local Civ. R.

---

[1] The Government's motion is styled as a Motion to Dismiss, or in the Alternative, for Summary Judgment. For the reasons discussed in this court's Order of April 29, 2016, the court treats the instant motion as one for summary judgment. *See* Order of April 29, 2016 [DE-54].

56.1(a)(1). The non-movant – here, Plaintiff – then must submit a statement responding to each of the movant's asserted undisputed facts. Local Civ. R. 56.1(a)(2).

Plaintiff's counsel initially failed to respond as required. On April 28, 2016, the court reminded Plaintiff's counsel of his duties pursuant to Local Rule 56.1(a), excused counsel's failure and provided him ten additional days to file a response. On May 18, 2016, Plaintiff responded. [DE 63]. Despite this second chance, however, counsel again failed to comply with the local rule. Rather, Mr. Earl's attorney re-submitted his previously filed response to the Government's Motion for Summary Judgment, with minor alterations, and submitted for the first time a document labeled Plaintiff's Statement of Material Facts. [DE-61, -62]. Neither document responded as required to "each numbered paragraph in the [Governments'] statement, in correspondingly numbered paragraphs." Rule 56.1(a).

Counsel's failure to abide by this local rule is more than mere form over substance. It not only prevents the court from providing a full and complete account of the relevant facts, it places Plaintiff at an evidentiary disadvantage. The court turns now to summarizing the material facts.

At the outset, the court notes that its recitation of material facts is constrained by the limited evidence submitted by the plaintiff. Nonetheless, the following facts appear to be undisputed. Mr. Earl underwent eye surgery to correct severe glaucoma at the Asheville VAMC on February 4, 2010. Def.'s App. [DE-39-1] at 67–69. He had a follow-up visit the next day, and was scheduled for another checkup on February 12, 2010. *Id.* at 71, 73, 102. On February 11, 2010, however, Mr. Earl was admitted to the Durham VAMC for an unrelated health problem. *Id.* at 164. The appointment with the Asheville VAMC scheduled for February 12, 2010 was cancelled, and Mr. Earl did not receive post-operative care until his March 4, 2010 appointment

2

with the Durham VAMC.[2] Id. at 122, 138. Mr. Earl is now legally blind. Pl.'s Ex. 1B [DE-62-3] at 3.

On February 28, 2014, Mr. Earl filed his Complaint [DE-1], which he amended, [DE-3], on June 24, 2014. On January 28, 2016, the Government moved for summary judgment. Along with its Motion for Summary Judgment [DE-36], the Government submitted a Statement of Material Facts [DE-38] and Appendix [DE-39] as required by Local Rule 56.1(a). Mr. Earl responded in opposition to the Motion for Summary Judgment, but failed to file a Local Rule 56.1(a) response to the Government's Statement of Material Facts. On April 29, 2016, the court ordered Mr. Earl to file a response in compliance with the local rules. [DE-54]. Mr. Earl responded on May 9, 2016. [DE-61, -62].

## II.    STANDARD OF REVIEW

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). The movant bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party then must come forward and demonstrate that such a fact issue indeed exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish any one of the essential elements of the party's claim on which he will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322–23. Thus, "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," the court may grant summary judgment.

---

[2] According to the Government, the Durham VAMC rescheduled Mr. Earl's February 12, 2010 appointment with the Asheville VAMC to February 18, 2010. *Id.* at 138. Mr. Earl did not attend the re-scheduled appointment. Def.'s App. [DE-39-1] at 102. Mr. Earl denies requesting the cancellation of his February 12, 2010 appointment and further denies that he missed any scheduled follow-up appointments. Pl.'s Resp. [DE-47] at 3.

3

*Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). When making the summary judgment determination, the court views the facts and all reasonable inferences in the light most favorable to the non-movant. *Liberty Lobby*, 477 U.S. at 255.

### III. DISCUSSION

Following Mr. Earl's surgery, the Asheville and Durham VAMCs disagreed over where Mr. Earl should receive post-operative care, each claiming he should be treated by the other.[3] Mr. Earl blames the delay in follow-up care following his surgery for the degeneration of his sight in the years since. The Government argues Mr. Earl has failed to submit sufficient evidence of the essential elements of his negligence claims. Thus, the Government contends it is entitled to judgment as a matter of law.

Under the Federal Tort Claims Act, the United States is liable in tort in circumstances where, "if a private person, [it] would be liable to the claimant in accordance with the law of the place where the act or omissions occurred." 28 U.S.C. § 2672. To establish common law negligence in North Carolina, a plaintiff must prove "(1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach." *Bridges v. Parrish*, 742 S.E.2d 794, 796 (N.C. 2013). The Government concedes that the Durham and Asheville VAMCs owed a duty of care to Mr. Earl,[4] but argues the record is devoid of any evidence of a breach of that duty, or of proximate cause. Mem. Supp. Mot. Dismiss [DE-37] at 7–10.

"Proximate cause is 'a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have

---

[3] Mr. Earl first began treatment at the Asheville VAMC when he resided in Shelby, North Carolina. At some point he relocated to Rocky Mount, North Carolina but continued to receive eye care in Asheville. Def.'s App. [DE-39-5] at 170.

[4] A North Carolina hospital has a duty "to make a reasonable effort to monitor and oversee the treatment which is prescribed and administered by physicians practicing at the facility." *Bost v. Riley*, 262 S.E.2d 391, 396 (N.C. Ct. App. 1980).

4

foreseen that such a result was probable under all the facts as they existed.'" *F.D.I.C. ex rel. Coop. Bank v. Rippy*, 799 F.3d 301, 316 (4th Cir. 2015) (quoting *Mattingly v. N.C. R.R. Co.*, 117 S.E.2d 844, 847 (N.C. 1961)). With regard to proximate cause, Mr. Earl offers the following: (1) his responses to the Government's interrogatories; and (2) progress notes from his March 4, 2010 appointment at the Durham VAMC.

Mr. Earl's interrogatory responses fail to speak to causation. In response to interrogatory #11, which asks, *inter alia*, for the "cause and origin of the injuries alleged in the complaint," Mr. Earl indicated that his expert witness (Dr. Asra Firozvi) would need to provide that information, and he attached Dr. Firozvi's report. Pl.'s Resp. [DE-61]. Dr. Firozvi's report, dated August 25, 2015, recites Mr. Earl's allegation—that he did not receive follow-up care for two months after his surgery[5]—and notes that such a delay is not "standard of care." Pl.'s Ex. 1 [DE-61-1] at 3. While Dr. Firozvi's notes arguably imply a breach of duty, they do not indicate that delayed follow-up care in 2010 caused the injury Mr. Earl complained of in 2015.

Throughout his interrogatory responses, Mr. Earl indicates that Dr. Firozvi will either be deposed or be called to testify at trial as to both duty and causation. Pl.'s Ex. 2 [DE-61-4] at 6–8. A plaintiff's mere assurance that he will produce evidence at trial, however, is insufficient to overcome summary judgment. Rather, the non-movant plaintiff must "offer some 'concrete evidence from which a reasonable juror could return a verdict in his [or her] favor.'" *Williams v. Genex Servs., LLC*, 809 F.3d 103, 109 (4th Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 256) (alteration in original).

Likewise, the progress notes from Mr. Earl's March 4, 2010 appointment at the Durham VAMC fail to address causation. Mr. Earl alleges that the notes, signed by Dr. Derek Delmonte,

---

[5] Notably, Mr. Earl submits progress notes from an appointment with the Durham VAMC dated March 4, 2010— exactly one month after his surgery. Pl.'s Ex. 3 [DE-61-5]. Thus, the allegation that Mr. Earl received no follow-up care for two months after his surgery is contradicted by his own evidence.

indicate "significant visual field loss OU, elevated IOPs and the need to proceed with Baerveldt/Phaco OD." Pl.'s Resp. [DE-61] at 4. The passage Mr. Earl relies on, however, is not Dr. Delmonte's own observation of Mr. Earl's condition at the time of the March 4, 2010 appointment. Rather, Dr. Delmonte quotes a previous note in Mr. Earl's medical file, observing as follows:

> Advanced glaucoma ou. S/p failed trabs ou and now s/p phaco/BV tube OD at AVA in February (Crandall/Fernandez). Was lost to follow-up for some time and found his way to Durham. *Per Dr. Crandall's last full note*: "Significant visual field loss OU. Target IOP 12 or less. Has had IOPs in the 20's to 30's range and thus will proceed w/ Baerveldt/phaco OD." Will need to restart IOP drops ASAP and get back in with glaucoma team. Unclear if the tube is working as low bleb over plate, however IOP is just over goal, not in the 20's as was reported pre-op. Doubt compliance with drops, however again educated on the importance of taking ALL drops and seeing an eye doctor on a regular basis.

Pl.'s Ex. 3 [DE-61-5] at 2 (emphasis added). It is unclear when Dr. Crandall wrote the note quoted by Dr. Delmonte. It is clear, however, that when read in context and in their entirety, the March 4, 2010 progress notes do not evidence what Mr. Earl purports. More importantly, regardless of when the conditions described in the progress notes were observed, the notes do not address the cause of Mr. Earl's current blindness. Accordingly, the court finds there is no genuine dispute of material fact regarding causation.

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion for Summary Judgment [DE-36] is ALLOWED and the Motion for Non-Jury Trial [DE-56] is DISMISSED as moot.

SO ORDERED.

This, the 31st day of May, 2016.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge